

**U.S. Department of Justice**

*William D. Weinreb*
*Acting United States Attorney*
*District of Massachusetts*

Main Reception: (617) 748-3100

John Joseph Moakley United States Courthouse
1 Courthouse Way
Suite 9200
Boston, Massachusetts 02210

March 27, 2017

Melissa Bayer Tearney, Esq.
Choate, Hall, & Stewart LLP
Two International Place
Boston, MA 02110

    Re:    <u>United States v. Elizabeth Gurrieri</u>    **UNDER SEAL**
           Criminal No.
           Cooperation Agreement

Dear Counsel:

    This letter sets forth the understanding between the United States Attorney for the District of Massachusetts ("the U.S. Attorney") and your client, Elizabeth Gurrieri ("Defendant"), concerning Defendant's cooperation with the U.S. Attorney in the above-referenced case. This Cooperation Agreement supplements, but does not supersede, the Plea Agreement between the parties dated March 27, 2017 ("Plea Agreement"). Defendant and the U.S. Attorney further understand and agree that the original of this Cooperation Agreement shall be maintained by the U.S. Attorney, but may be later disclosed pursuant to the U.S. Attorney's discovery obligations, or submitted to the District Court under seal, with notice to the Defendant. In addition, Defendant and the U.S. Attorney understand and agree that the U.S. Attorney will submit this Cooperation Agreement to the U.S. Probation Office for its use in preparing the Presentence Report. Nothing in this Cooperation Agreement affects the U.S. Attorney's obligation to provide the Court and the U.S. Probation Office with accurate and complete information regarding this case.

    The Cooperation Agreement is as follows:

    1.    <u>Terms of Cooperation</u>

    Defendant agrees to cooperate fully with law enforcement agents and government attorneys. Defendant must provide complete and truthful information to all law enforcement personnel. If Defendant's testimony is requested, Defendant must testify truthfully and completely before any grand jury, and at any hearing and trial. Defendant must answer all questions posed by any law enforcement agents and government attorneys and must not withhold any information.

rev. 1/17/17



Defendant must not attempt to protect any person or entity through false information or omission, or to implicate falsely any person or entity. Upon request, Defendant must furnish all documents, objects and other evidence in Defendant's possession, custody or control that are relevant to the government's inquiries.

Defendant understands that she has a right to have counsel present when communicating with representatives of the government about the criminal conduct with which Defendant has been charged. To facilitate Defendant's cooperation, Defendant hereby knowingly and voluntarily waives this right with respect to all debriefings by law enforcement agents and government attorneys and all appearances to testify. Defendant or Defendant's counsel may revoke this waiver with a specific request at any time without otherwise affecting the terms or enforceability of this Cooperation Agreement.

To ensure that the Court has all relevant sentencing information, Defendant waives any rights to prompt sentencing and will join in any requests by the U.S. Attorney that sentencing be postponed until Defendant's cooperation is complete. Defendant understands that the date of Defendant's sentencing is within the sole discretion of the Court and that this Cooperation Agreement may require Defendant's cooperation to continue even after Defendant has been sentenced. Defendant's failure to continue to cooperate pursuant to the terms of this Cooperation Agreement after sentence is imposed shall constitute a breach of this Cooperation Agreement by Defendant.

2. <u>Substantial Assistance Motion</u>

Should Defendant provide substantial assistance in the investigation or prosecution of another person who has committed a criminal offense, the U.S. Attorney agrees that, at or before sentencing, the U.S. Attorney will file a motion under USSG § 5K1.1 to recommend that the Court impose a sentence below 46 months; however, pursuant to the agreement set forth in Paragraph 4 of the Plea Agreement, neither party will recommend a sentence of less than 18 months.

The determination whether Defendant has provided substantial assistance rests solely in the discretion of the U.S. Attorney and is not subject to appeal or review. The U.S. Attorney will make this determination based on the truthfulness and value of Defendant's assistance, regardless of the outcome or result of any proceeding or trial. The U.S. Attorney reserves the right to decline to file a motion pursuant to USSG § 5K1.1 if Defendant violates any condition of pretrial release, violates any of the requirements of honesty and candor detailed in Paragraph 1 above, or engages in any criminal conduct after the date Defendant signs this Cooperation Agreement and/or the Plea Agreement. Defendant may not withdraw her guilty plea if the U.S. Attorney determines that Defendant has not rendered substantial assistance or otherwise declines to file a motion pursuant to USSG § 5K1.1 for any of the reasons listed above, or if the Court refuses to grant the U.S. Attorney's motion for a downward departure.

2

3. <u>Sentence Recommendation with Substantial Assistance</u>

If Defendant provides substantial assistance, subject to all of the provisions of Paragraphs 1 and 2 above, the U.S. Attorney will advise the Court of the full nature, extent, and value of the assistance provided by Defendant. In such an event, the U.S. Attorney reserves the right to recommend a particular sentence or sentencing range, or to make no recommendation at Defendant's sentencing, subject to the requirements of Paragraph 2 above. In no case will the U.S. Attorney's recommendation exceed that set forth in Paragraph 4 of the Plea Agreement between the parties.

Any sentencing recommendation the U.S. Attorney may make based upon Defendant's substantial assistance is not binding upon the Court. Rather, the sentence to be imposed is within the Court's sole discretion. Should the Court decline to follow the U.S. Attorney's sentencing recommendation (if any), the U.S. Attorney reserves the right to defend the Court's sentence in any direct appeal or future challenge (collateral or otherwise).

4. <u>Letter Immunity</u>

In return for Defendant's full and truthful cooperation, the U.S. Attorney agrees not to use any information provided by Defendant pursuant to this Cooperation Agreement or pursuant to the proffer letter dated November 26, 2016 (or any information directly or indirectly derived therefrom) against Defendant in any criminal case except in a prosecution: (1) for perjury or obstruction of justice, or for making a false statement after the date of this Cooperation Agreement or the Plea Agreement; or (2) for an act of physical violence against the person of another, or conspiracy to commit any such act of violence. The U.S. Attorney reserves the right to respond fully and accurately to all requests for information by the Court and U.S. Probation Office in this case. All such disclosures, however, shall be made subject to the constraints identified in USSG § 1B1.8(a) and its commentary on the use of this information by the Court and U.S. Probation Office. Regardless of the provisions of USSG § 1B1.8(b)(5) and its commentary, the U.S. Attorney agrees to take the position at sentencing that information provided by Defendant pursuant to this Cooperation Agreement and the Plea Agreement should not be used as a basis for the Court to refuse to depart downward.

5. <u>Breach of Cooperation Agreement</u>

If the U.S. Attorney determines that Defendant has breached this Cooperation Agreement by making any false, incomplete or misleading statement, or by providing any false, incomplete or misleading information to any law enforcement personnel, grand jury or court, the U.S. Attorney may terminate this Cooperation Agreement and/or the Plea Agreement as set forth in Paragraph eleven of the Plea Agreement; may pursue any and all of the remedies for breach set forth in Paragraph eleven of the Plea Agreement; and may prosecute Defendant for any and all offenses that could be charged against Defendant in the District of Massachusetts, including, but not limited to, false statements and perjury.

3

6. **Complete Cooperation Agreement**

This letter contains the complete supplemental agreement between the parties relating to Defendant's cooperation in this matter. No other promises, representations or agreements have been made other than those set forth in this Cooperation Agreement, the proffer letter dated November 26, 2016, which is superseded by this Cooperation Agreement as to any statements made after the date of this Cooperation Agreement, and the Plea Agreement. This Cooperation Agreement can be modified or supplemented only in a written document signed by the parties or on the record in court.

If this letter accurately reflects the cooperation agreement between the U.S. Attorney and Defendant, please have Defendant sign the Acknowledgment of Agreement below. Please also sign below as Witness. Return the original of this letter to Assistant U.S. Attorneys K. Nathaniel Yeager or Susan M. Poswistilo.

Very truly yours,

WILLIAM D. WEINREB
Acting United States Attorney

By: _____
K. Nathaniel Yeager
Chief, Health Care Fraud Unit

_____
Susan M. Poswistilo
Assistant U.S. Attorney

4

## ACKNOWLEDGMENT OF COOPERATION AGREEMENT

I have read this Cooperation Agreement in its entirety and discussed it with my attorney. I hereby acknowledge that it fully sets forth my cooperation agreement with the United States Attorney's Office for the District of Massachusetts. I further state that no additional promises or representations have been made to me by any official of the United States in connection with this matter other than those set forth in the Plea Agreement dated March 27, 2017 and the proffer letter dated November 26, 2016. I understand the crime to which I have agreed to plead guilty, the mandatory minimum and maximum penalties for that offense, and the Sentencing Guideline penalties potentially applicable to it. I am satisfied with the legal representation provided to me by my attorney. We have had sufficient time to meet and discuss my case. We have discussed the charge against me, possible defenses I might have, the terms of this Cooperation Agreement (and the March 27, 2017 Plea Agreement), and whether I should go to trial. I am entering into this Cooperation Agreement freely, voluntarily, and knowingly.

*[signature]*
Elizabeth Gurrieri
Defendant

Date: 3/29/17

I certify that Defendant has read this Cooperation Agreement, and that we have discussed both its meaning and its relationship to the Plea Agreement dated March 27, 2017. I believe she understands the Cooperation Agreement and is entering into the Cooperation Agreement freely, voluntarily, and knowingly.

*[signature]*
Melissa Bayer Tearney, Esq.
Attorney for Defendant

Date: 3/31/17

5